## RIKER (STATION KFQU) v. FEDERAL RADIO COMMISSION.
### No. 5422.

Court of Appeals of District of Columbia.

Argued Dec. 7, 1931.

Decided Dec. 21, 1931.

Howard S. Le Roy, of Washington, D. C., for appellant.

Thad H. Brown, D. M. Patrick, and Fanney Neyman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appellant owns and operates a radio broadcasting station having the call letters KFQU, located at Holy City, Cal., operating upon frequency 1,420 kilocycles, with power output of 100 watts, sharing time with Station KGGC. The station was first licensed in the year 1924, and has been in operation under successive renewals since that time.

On December 17, 1930, an application for a renewal license was filed by appellant with the Federal Radio Commission, but upon examination the Commission did not reach a decision that the public interest, convenience, or necessity would be served by the granting thereof. The Commission, therefore, pursuant to section 11, Radio Act of 1927, 44 Stat. 1162 (47 USCA § 91), fixed a time and place for a hearing of the application, and regularly notified appellant thereof. The notice served upon appellant contained, among other things, the statement that the Commission was not satisfied that public interest, convenience, or necessity would be served by granting the application, together with specifications charging that appellant's station had at various times deviated from its assigned frequency, and that on or about December 1,

1930, the station was not operating under the control of appellant, but by his assignee.

A hearing was held before an examiner at the time and place named in the notice, and the examiner found upon the evidence that on December 23 and 26, 1930, and also on January 14 and 21, and February 10, 1931, the station was operated at deviations more than 500 cycles removed from its assigned frequency, in violation of the Commission's General Order No. 7, and that the deviations in frequency were not shown to have been due to causes beyond the control of the applicant; also that appellant had in the past, without the written consent of the licensing authority, transferred and assigned substantial rights granted to him under his station license to other persons; and also that appellant had failed to show the character of service being rendered by Station KFQU or a public need for its service, or that the public interest, convenience, or necessity would be served by granting a renewal license for the operation of the station. The examiner recommended that appellant's application for a renewal be denied.

The Commission regularly reviewed the proceedings and findings of the examiner, and sustained them. Appellant's application was accordingly denied, whereupon this appeal was taken.

The record discloses without contradiction that the deviations in frequency charged against appellant's station had actually occurred as charged, and they were not shown to have resulted from causes beyond the control of appellant. A written statement of appellant's engineer to the effect that a new crystal had been purchased and was in operation and would eliminate all frequency deviation was offered in evidence and was rejected because it was unverified. The rejection of this as evidence was not error.

It is provided by the Commission's General Order No. 7, promulgated on April 28, 1927, that a maximum of one-half kilocycle is fixed as the extreme deviation from the authorized frequency of any station operating under license issued under the terms of the Radio Act of 1927, and that maintenance of the assigned frequency within the prescribed limits is the duty of each radio broadcasting station, and that a violation of this order will be deemed by the Commission cause for revocation of a license under section 14 of the Radio Act of 1927 (47 USCA § 94). Section 14, just mentioned, defines the causes for which broadcasting licenses may be revoked by the Commission; among these causes are

"failure to operate substantially as set forth in the license," and "failure to observe any of the restrictions and conditions of this act, or of any regulation of the licensing authority authorized by this act."

Moreover, the record fails to disclose the actual conditions and circumstances upon which appellant relies as proof that his station serves the public interest, convenience, or necessity. Nor does the character of the programs broadcast by the station tend to sustain such a claim.

In this view of the case, it seems unnecessary for us to discuss the transfer or assignment of substantial broadcasting rights which appellant made to other persons on or about December 1, 1930.

The burden of proof upon the issues herein involved rested upon appellant. Technical Radio Laboratory v. Federal Radio Commission, 59 App. D. C. 125, 36 F.(2d) 111, 66 A. L. R. 1355. "That findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious." Section 16 (3) (d), "An act to amend section 16 of the Radio Act of 1927," approved July 1, 1930 (47 USCA § 96).

In our opinion, the findings of fact made by the Commission are supported by substantial evidence, and the Commission's conclusions are not arbitrary or capricious.

Accordingly we affirm the Commission's decision.